H. C. HICKS, ADM'R, v. W. B. GRAY AND OTHERS.

Where there is no final judgment, no notice of appeal, nor petition for writ of error, the case will be dismissed at the cost of the party who files the record in this court.

A motion against a sheriff for failing to levy and to return an execution, is not an original suit, but a continuation of the proceedings under the judgment on which the execution issued.

The statute provides that such motion may be made by the "*plaintiff*;" a new party cannot be introduced into the suit by such summary motion, filed in his own name, claiming to enforce the plaintiff's remedies as the assignee of the judgment.

APPEAL from Tyler. Tried below before the Hon. James M. Maxcy.

This was a motion filed by H. C. Hicks, administrator of the estate of John H. Ford, deceased, against W. B. Gray, sheriff of

Hicks v. Gray.

Tyler county, and his securities, for failing to levy and to return an execution which had issued on a judgment in favor of Martin Doyle against A. J. Sapp and others for $328 71, with interest, claiming to be the assignee of the judgment in right of his intestate, to whom he alleged Doyle had transferred or assigned it, for a valuable consideration.

Judgment was rendered in favor of the defendant for the costs of suit, without any recital or decree that the plaintiff "take nothing by his suit," or words of equivalent import indicating the finality of the judgment.

*Rock*, for the appellant.

*B. C. Franklin*, for the appellee.

ROBERTS, J.—There is no final judgment disposing of the case; nor is there any notice of appeal or petition in error contained in the transcript. The case must therefore be dismissed at the cost of the appellant who filed the record in this court.

In view of future action on the case, it may be proper to remark that this motion is made by one who claims to be an assignee of the judgment, and not by a party to it. Such a motion is not an original suit, but a continuation of the proceeding in the suit of Doyle v. Sapp and Sapp, upon matters growing out of and incident to the enforcement of the judgment in that suit. It is not known by what authority a new party, claiming to be assignee, could be introduced into the suit by a summary motion, which the statute provides may be made by the "plaintiff." (O. & W. Dig., Art. 872; Beaver v. Batte, 19 Tex. R., 111.)

Dismissed.